UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MICHAEL A. RAMOS,

                              Plaintiff,           Case No. 11 cv 01784

      - against -

                                                     **ANSWER**

JPMORGAN CHASE & CO.,

                              Defendant.
----------------------------------------------------------------x

        Defendant JPMorgan Chase & Co. ("JPMC"), by and through its attorneys, Satterlee Stephens Burke & Burke LLP, as and for its Answer to the Complaint of plaintiff Michael A. Ramos ("Plaintiff"), respectfully alleges as follows:

## NATURE OF THE CASE

        1.     With respect to the allegations contained in paragraph 1 of the Complaint, admits that Plaintiff has styled this action as a claim brought under the Age Discrimination in Employment Act and the New York City Administrative Code, but otherwise denies each and every allegation contained in paragraph 1 of Complaint.

## JURISDICTION AND VENUE

        2.     States that paragraph 2 of the Complaint consists of a jurisdictional invocation and a legal conclusion as to which no responsive pleading is required.

        3.     With respect to the allegations in paragraph 3 of the Complaint, admits that JPMC has offices and conducts business in the County of New York and otherwise states that paragraph 3 of the Complaint consists of an invocation of venue and a legal conclusion as to which no responsive pleading is required.

## PROCEDURAL PREREQUISITES

4. Admits that Plaintiff filed a complaint with the Equal Employment Opportunities Commission alleging discrimination, but otherwise denies the allegations contained in paragraph 4 of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 5 and 6 of the Complaint.

## PARTIES

6. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of the Complaint.

7. Denies each and every allegation contained in paragraph 8 of the Complaint.

## MATERIAL FACTS

8. With respect to the allegation contained in paragraph 9 of the Complaint, states that the allegation that Plaintiff was "well over forty (40) years of age" is vague and ambiguous and accordingly not susceptible to an admission or denial, and otherwise denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of the Complaint.

9. With respect to the allegations contained in paragraph 10 of the Complaint, states that the allegation that Plaintiff has "fifteen (15) years of driving successful operational improvements" is vague and ambiguous and accordingly not susceptible to an admission or denial, and otherwise denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of the Complaint.

10. With respect to the allegations contained in paragraph 11 of the Complaint, admits that Ramos was employed by JPMC and/or its predecessor companies through March 2003, but otherwise denies the allegations contained in paragraph 11 of the Complaint.

11. With respect to the allegations contained in paragraph 12 of the Complaint, admits that Ramos applied for employment positions with JPMC on-line but otherwise denies each and every allegation contained in paragraph 12 of the Complaint.

12. Denies each and every allegation contained in paragraphs 13 and 14 of the Complaint.

13. With respect to the allegations contained in paragraph 15 of the Complaint, avers that JPMC had a job opening for the position "OPM Support Specialist," avers that JPMC's records do not reflect that Plaintiff was interviewed or hired for any such position for which he applied and otherwise denies the remaining allegations contained in paragraph 20 of the Complaint but otherwise denies each and every allegation contained in paragraph 15 of the Complaint.

14. With respect to the allegations contained in paragraph 16 of the Complaint, avers that JPMC had a job opening for the position "Operations Manager -- Corporate Action," avers that JPMC's records do not reflect that Plaintiff was interviewed or hired for any such position for which he applied and otherwise denies the remaining allegations contained in paragraph 16 of the Complaint

15. With respect to the allegations contained in paragraph 17 of the Complaint, avers that JPMC had a job opening for the position "Personal Banker," avers that JPMC's records do not reflect that Plaintiff was interviewed or hired for any such position for

which he applied and otherwise denies the remaining allegations contained in paragraph 17 of the Complaint.

16. With respect to the allegations contained in paragraph 18 of the Complaint, avers that JPMC had a job opening for the position "Fixed Income Trade Support Middle Office Associate, avers that JPMC's records do not reflect that Plaintiff was interviewed or hired for any such position for which he applied and otherwise denies the remaining allegations contained in paragraph 18 of the Complaint.

17. With respect to the allegations contained in paragraph 19 of the Complaint, avers that JPMC had a job opening for the position "Transaction Processing Specialist," avers that JPMC's records do not reflect that Plaintiff was interviewed or hired for any such position for which he applied and otherwise denies the remaining allegations contained in paragraph 19 of the Complaint.

18. With respect to the allegations contained in paragraph 20 of the Complaint, avers that JPMC had a job opening for the position "IB Ops -- Middle Office Marketing Support Specialist," avers that JPMC's records do not reflect that Plaintiff was interviewed or hired for any such position for which he applied and otherwise denies the remaining allegations contained in paragraph 20 of the Complaint

19. With respect to the allegations contained in paragraph 21 of the Complaint, avers that JPMC posted a requisition for an "International Securities Settlements Specialist" position, avers that JPMC's records do not reflect that Plaintiff was interviewed or hired for any such position for which he applied and otherwise denies the remaining allegations contained in paragraph 21 of the Complaint.

20. With respect to the allegations contained in paragraph 22 of the Complaint, avers that JPMC had a job opening for the position "Transaction Processing Specialist," avers that JPMC's records do not reflect that Plaintiff was interviewed or hired for any such position for which he applied and otherwise denies the remaining allegations contained in paragraph 22 of the Complaint.

21. With respect to the allegations contained in paragraph 23 of the Complaint, avers that JPMC had a job opening for the position "JMT Operations Support/Admin," avers that JPMC's records do not reflect that Plaintiff was interviewed or hired for any such position for which he applied and otherwise denies the remaining allegations contained in paragraph 23 of the Complaint.

22. With respect to the allegations contained in paragraph 24 of the Complaint, avers that JPMC had a job opening for the position "Client Service Professional -- Middle Market," avers that JPMC's records do not reflect that Plaintiff was interviewed or hired for any such position for which he applied and otherwise denies the remaining allegations contained in paragraph 24 of the Complaint.

23. With respect to the allegations contained in paragraph 25 of the Complaint, avers that JPMC had a job opening for the position "Trade Support Analyst," avers that JPMC's records do not reflect that Plaintiff was interviewed or hired for any such position for which he applied and otherwise denies the remaining allegations contained in paragraph 25 of the Complaint.

24. With respect to the allegations contained in paragraph 26 of the Complaint, avers that JPMC had a job opening for the position "IB Ops -- NA Trade Support Specialist," avers that JPMC's records do not reflect that Plaintiff was interviewed or hired for

any such position for which he applied and otherwise denies the remaining allegations contained in paragraph 26 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 27 of the Complaint of the Complaint.

26. Denies each and every allegation contained in paragraph 28 of the Complaint.

27. With respect to the allegations contained in paragraph 29 of the Complaint, avers that JPMC had a job opening for the position "Reconciliation Specialist," avers that JPMC's records do not reflect that Plaintiff was interviewed or hired for any such position for which he applied and otherwise denies the remaining allegations contained in paragraph 20 of the Complaint.

28. With respect to the allegations contained in paragraph 30 of the Complaint, avers that JPMC had a job opening for the position "Securities Lending Fixed Income Trading Analyst," avers that JPMC's records do not reflect that Plaintiff was interviewed or hired for any such position for which he applied and otherwise denies the remaining allegations contained in paragraph 30 of the Complaint.

29. With respect to the allegations contained in paragraph 31 of the Complaint, avers that JPMC had a job opening for the position "Trade Support Manager," avers that JPMC's records do not reflect that Plaintiff was interviewed or hired for any such position for which he applied and otherwise denies the remaining allegations contained in paragraph 31 of the Complaint.

30. With respect to the allegations contained in paragraph 32 of the Complaint, avers that JPMC had a job opening for the position "IB Ops -- Equity Derivatives

1135318_2

Trade Support Analyst," avers that JPMC's records do not reflect that Plaintiff was interviewed or hired for any such position for which he applied and otherwise denies the remaining allegations contained in paragraph 32 of the Complaint.

31. With respect to the allegations contained in paragraph 33 of the Complaint, avers that JPMC had a job opening for the position "IB Operations -- Mutual Funds Trading Specialist," avers that JPMC's records do not reflect that Plaintiff was interviewed or hired for any such position for which he applied and otherwise denies the remaining allegations contained in paragraph 33 of the Complaint.

32. With respect to the allegations contained in paragraph 34 of the Complaint, avers that JPMC had a job opening for the position "Equity Trade Support Specialist," avers that JPMC's records do not reflect that Plaintiff was interviewed or hired for any such position for which he applied and otherwise denies the remaining allegations contained in paragraph 34 of the Complaint.

33. With respect to the allegations contained in paragraph 35 of the Complaint, admits that JPMC had a job opening for the position "Investment Assistant -- Private Banking," avers that JPMC's records do not reflect that Plaintiff was interviewed or hired for any such position for which he applied and otherwise denies the remaining allegations contained in paragraph 20 of the Complaint.

34. With respect to the allegations contained in paragraph 36 of the Complaint, avers that JPMC had a job opening for the position "Middle Office Trade Support Specialist," avers that JPMC's records do not reflect that Plaintiff was interviewed or hired for any such position for which he applied and otherwise denies the remaining allegations contained in paragraph 20 of the Complaint.

1135318_2

35. With respect to the allegations contained in paragraph 37 of the Complaint, avers that JPMC had a job opening for the position "IB Ops -- Money Market Analyst," avers that JPMC's records do not reflect that Plaintiff was interviewed or hired for any such position for which he applied and otherwise denies the remaining allegations contained in paragraph 20 of the Complaint.

36. With respect to the allegations contained in paragraph 38 of the Complaint, avers that JPMC had a job opening for the position "WSS Global Funds Services Risk Manager," avers that JPMC's records do not reflect that Plaintiff was interviewed or hired for any such position for which he applied and otherwise denies the remaining allegations contained in paragraph 38 of the Complaint.

37. With respect to the allegations contained in paragraph 39 of the Complaint, avers that JPMC had a job opening for the position "IB Ops -- Credit Training -- Trade Support Specialist," avers that JPMC's records do not reflect that Plaintiff was interviewed or hired for any such position for which he applied and otherwise denies the remaining allegations contained in paragraph 39 of the Complaint.

38. With respect to the allegations contained in paragraph 40 of the Complaint, states that the assertion that the positions identified in the Complaint are "just a sampling" of JPMC positions Ramos applied for is vague and ambiguous and accordingly not susceptible to an admission or denial but otherwise denies each and every allegation in paragraph 40 of the Complaint.

39. Denies each and every allegation contained in paragraphs 41 through 53, inclusive, of the Complaint.

1135318_2

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER ADEA

40. In response to paragraph 54 of the Complaint, repeats and realleges each and every response to the allegations contained in paragraphs 1 through 53, inclusive, of the Complaint with the same force and effect as if fully set forth herein.

41. Denies each and every allegation contained in paragraphs 55 and 56 of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE

42. In response to paragraph 57 of the Complaint, repeats and realleges each and every response to the allegations contained in paragraphs 1 through 56, inclusive, of the Complaint with the same force and effect as if fully set forth herein.

43. With respect to the allegations contained in paragraph 58 of the Complaint, respectfully refers the Court to the Administrative Code of the City of New York § 8-107[1] for a true account of its content but denies that JPMC is subject to any liability under this provision.

44. Denies each and every allegation contained in paragraph 59 of the Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE

45. In response to paragraph 60 of the Complaint, repeats and realleges each and every response to the allegations contained in paragraphs 1 through 59, inclusive, of the Complaint with the same force and effect as if fully set forth herein.

1135318_2

46. With respect to the allegations in paragraph 51 of the Complaint, respectfully refers the Court to the Administrative Code of the City of New York § 8-107(13) for a true account of its content but denies that JPMC is subject to any liability under this provision.

47. Denies each and every allegation contained in paragraph 61 of the Complaint.

48. Denies each and every allegation contained in what is incorrectly designated in the Complaint as paragraph 136.

## INJURY AND DAMAGES

49. Denies each and every allegation contained in what is incorrectly designated in the Complaint as paragraph 137.

## JURY DEMAND

50. Neither admits nor denies the statement contained in what is incorrectly designated in the Complaint as paragraph 138.

## AFFIRMATIVE DEFENSES

JPMC, without assuming the burden of proof on those matters for which Plaintiff bears such burden, alleges for its defenses in this action as follows:

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

51. The Complaint, or any portion thereof, fails to state a claim upon which relief can be granted or upon which the damages sought can be awarded.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

52. At all relevant times hereto, JPMC acted in good faith and has not violated any rights which may be secured by Plaintiff under any applicable federal, state or local law, rule, regulation or guideline.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

53. All or part of the Complaint is barred by the Statue of Limitations or is otherwise untimely.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

54. Upon information and belief, Plaintiff's claims for damages are barred in whole or in part by his failure to mitigate his damages.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

55. All or part of the damages sought are not available under the laws upon which this Complaint is based.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

56. The Complaint, or portions thereof, is/are barred Plaintiff's own actions, fault or lack of diligence and any damages incurred by Plaintiff are caused by his own actions, fault or lack of diligence.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

57. Any and all of the actions taken by JPMC with respect to any alleged application for employment by Plaintiff were legitimate, non-discriminatory business decisions and were without any discriminatory animus.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

58. The Complaint, or portions thereof, is/are barred because JPMC exercised reasonable care to prevent discrimination.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

59. The Complaint, or portions thereof, is/are barred because Plaintiff unreasonably failed to take advantage of preventive opportunities or to avoid harm.

1135318_2

### AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

60. Plaintiff's claim for attorney's fees is barred as a matter of fact and as a matter of law.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

61. Plaintiff's claims are barred, in whole or in part, by documentary evidence.

### AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE

62. Plaintiff cannot establish causation between any alleged wrongful or unlawful conduct on the part of JPMC and any damages Plaintiff claims to have suffered.

### AS AND FOR AN THIRTEENTH AFFIRMATIVE DEFENSE

63. To the extent that there were any impermissible reasons for action(s) taken by JPMC with respect to Plaintiff's applications, JPMC would have taken the same action(s) based upon permissible reasons in the absence of any such impermissible reasons.

### FOURTEENTH AFFIRMATIVE DEFENSE

64. The Complaint, or portions thereof, is/are barred because any failure to hire Plaintiff by JPMC was based on a reasonable factor other than age.

### FIFTEENTH AFFIRMATIVE DEFENSE

65. Portion of the Complaint are barred because JPMC failed to hire any employee in connection with certain positions for which Plaintiff claims to have applied.

### SIXTEENTH AFFIRMATIVE DEFENSE

66. Plaintiff's punitive damages claim is barred because JPMC did not act willfully or maliciously.

Dated: May 9, 2011

                    SATTERLEE STEPHENS BURKE & BURKE LLP

                By: *Thomas Cahill* (signature)
                    Thomas H. Cahill
                    Alun W. Griffiths
                230 Park Avenue, Suite 1130
                New York, NY 10169
                (212) 818-9200
                *Attorneys for JPMorgan Chase & Co.*

TO:    William K. Philips
        DEREK T. SMITH LAW GROUP, PC
        30 Broad Street, 35th Floor
        New York, New York 10004
        *Attorneys for Plaintiff*

1135318_2